**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT C. DOREY, <br><br>     Plaintiff, <br><br>   v. <br><br> LARBY S. AMIROUCHE and RYAN EAGLE, <br><br>     Defendants. | Case No.  17-cv-8674 <br><br> Honorable Andrea R. Wood <br><br> **JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated March 22, 2018 (Dkt. No. 23), Plaintiff Scott C. Dorey

and Defendant Larby S. Amirouche ("Amirouche"), through their undersigned counsel,

respectfully submit this Joint Status Report.

1. **Nature of the Case**

    A. **Identify the attorneys of record for each party, including the lead trial attorney.**

| *Plaintiff Scott C. Dorey* | *Defendant Larby S. Amirouche* |
|---|---|
| Timothy A. Hudson (Lead Trial Attorney) | Michael D. Haeberle (Lead Trial Attorney) |
| Melody L. Gaal | Jefferey O. Katz |
| Tabet DiVito & Rothstein, LLC | Patterson Law Firm, LLC |

    B. **Identify any parties that have not yet been served.**

    Ryan Eagle has not yet been served.

    C. **State the basis for Federal jurisdiction.**

    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds $75,000 (exclusive of interest and costs) and this lawsuit is between citizens of a state and a subject of a foreign state.  In addition, this Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action alleges violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

**If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

i.  **State whether and, if so, why the amount in controversy exceeds the jurisdictional threshold; and**

Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional threshold of $75,000, exclusive of interest and costs.

ii.  **Identify the state of citizenship of each named party.**

Plaintiff Scott C. Dorey is a Canadian citizen and resides in Vancouver, Canada. Defendant Amirouche is a citizen of the state of Illinois and resides in this judicial district. Defendant Ryan Eagle is a citizen of the state of Illinois and resides in this judicial district.

D.  **Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.**

This is an action for defamation *per se* (Counts I and II), defamation *per quad* (in the alternative) (Count III), intentional infliction of emotional distress (Count V), and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et. seq.* (the "CFAA") (Count IV). Plaintiff seeks an order that Defendants remove all defamatory and disparaging material relating to Plaintiff from the internet, as well as statutory damages under the CFAA, compensatory damages, and punitive damages. Neither Defendant has asserted any counterclaims at this time.

E.  **State the major legal and factual issues in the case.**

Plaintiff alleges that Defendants disseminated false and defamatory statements to third parties via the internet and email, accessed Plaintiff's contacts from his computer and/or cell phone, and established false social media accounts in Plaintiff's name, without authorization or consent. Plaintiff alleges that such conduct constitutes defamation *per se* or, in the alternative, defamation *per quad*, and violates the CFAA. Plaintiff further alleges that Defendants intentionally caused Plaintiff to suffer severe emotional distress by disseminating the above statements and threatening to continue making defamatory statements unless Plaintiff paid Defendants money. Neither Defendant has filed a responsive pleading to Plaintiff's Complaint.

2.  **Mandatory Initial Discovery Pilot Project.**

A.  **Confirm that all of the parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.**

Plaintiff and Defendant Amirouche have read and discussed the Standing Order regarding the Mandatory Initial Discovery Pilot Project. Defendant Ryan Eagle has not been served and, on information and belief, has not retained counsel. Accordingly, the undersigned counsel does not believe Ryan Eagle has received the

Standing Order.

**B.    State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information.**

Amirouche has sought an extension of time, to April 25, 2018, to answer or otherwise plead. (Dkt. No. 23.) Defendant Ryan Eagle has not been served, and Plaintiff's deadline to effect service of summons and complaint on him has been extended to April 25, 2018. (*Id.*) Thus, as of the filing of this Joint Status Report, neither party's initial discovery response is due, as neither Defendant has filed a responsive pleading to the Complaint. *See* Standing Order Regarding the Mandatory Initial Discovery Pilot Project (party seeking affirmative relief must serve initial discovery responses within 30 days after first responsive pleading is filed; defendant must serve its initial discovery responses 30 days after it files its responsive pleading).

**C.    Describe the parties' discussions regarding the mandatory initial discovery responses.**

Not Applicable.

**3.    Case Plan**

**A.    Identify all pending motions.**

There are no pending motions at this time.

**B.    State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

Defendant Amirouche does not anticipate responding to the complaint by motion.

**C.    Submit a proposed discovery plan, including the following information:**

**i.    The general type of discovery needed;**

Plaintiff anticipates seeking documents and data that will include (1) electronic mail and text messages related to the allegations of this case; (2) contracts and other documents relating to the relationship between Plaintiff and Defendants (3) records of all statements made by Defendants (online or otherwise) referring or relating to Plaintiff or Plaintiff's family or business, (4) records describing or disclosing Plaintiff's business or personal contacts in Defendants' possession; and (5) records reflecting all social media accounts created and/or or maintained by Defendants.

Defendant Amirouche intends to seek discovery from Plaintiff and third-parties on the following subjects, among others: Plaintiff's reputation and any harm done to the Plaintiff's reputation (including other litigation in

3

which the Plaintiff has been involved, other business dealings of Plaintiff, and communications regarding the same); Plaintiff's claim of damages (including Plaintiff's financial condition, representations made concerning Plaintiff's financial condition before and after the allegedly-defamatory statements, and opportunities allegedly lost as a result of Defendants' actions, including statements made in other litigation regarding Plaintiff's financial condition); Plaintiff's communications with third parties regarding the business in which Plaintiff and Defendant Amirouche participated, Defendant Amirouche's actions in this business, Plaintiff's opportunities that were allegedly lost, and Plaintiff's financial state; and the truth of the statements alleged by Plaintiff.

ii.    **Whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

Plaintiff and Defendant Amirouche anticipate that discovery will encompass ESI. The undersigned do not anticipate any ESI disputes at this time. They agree to promptly meet and confer in a good faith effort to resolve any ESI disputes that may arise.

iii.    **Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

Plaintiff and Defendant Amirouche do not anticipate any issues about claims of privilege or protection at this time. Plaintiff and Defendant Amirouche agree to promptly meet and confer in a good faith effort to resolve any privilege disputes that may arise.

iv.    **For cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures will be made;**

Not Applicable.

v.    **The date by which the parties will complete fact discovery;**

October 10, 2018.

vi.    **Whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;**

Expert discovery is anticipated. Plaintiff is to disclose his experts by November 10, 2018. Plaintiff's experts shall be deposed by December 10, 2018. Defendant is to disclose his expert by December 30, 2018. Defendant's experts are to be deposed by January 20, 2019. Any experts on any counterclaim filed by Defendant shall follow the above schedule,

4

except that Defendant is to follow the dates set for the Plaintiff on experts disclosed for the counterclaim, and Plaintiff is to follow the dates set for Defendant on experts disclosed for the counterclaim.

     **vii.**     **What changes, if any, should be made in the limitations on discovery imposed under Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;**

The undersigned do not anticipate any need for changes to the limitations on discovery imposed under the Federal rules or the Local Rules. The parties reserve their right to request any change to the discovery rules as the need arises. The parties further agree to promptly meet and confer concerning any change to the rules before seeking relief from the Court.

     **viii.**     **For cases included in the Mandatory Initial Discovery Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses; and**

October 10, 2018.

     **ix.**     **The date by which the parties may file any dispositive motions.**

February 15, 2019.

**D.**     **State whether there has been a jury demand and the estimated length of the trial.**

Plaintiff has demanded a jury. The undersigned expect trial to last 5-7 days.

**4.**     **Settlement**

**A.**     **State whether any settlement discussions have occurred and describe the status of any such discussions.**

The parties have reached a settlement in principle and plan to execute a final settlement agreement in advance of the upcoming April 25th status hearing.

**B.**     **State whether the parties believe that a settlement conference would be productive at this time.**

The parties do not believe that a settlement conference would be productive at this time.

**5.**     **Consent to Proceed Before a Magistrate Judge**

        Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. Plaintiff and Defendant Amirouche consent to proceed before a Magistrate Judge for discovery purposes only.

Dated: April 18, 2018

By: /s/ Timothy A. Hudson
    Timothy A. Hudson (No. 6271244)
    Melody L. Gaal (No. 6320640)
    TABET DIVITO & ROTHSTEIN, LLC
    209 S. LaSalle St., 7th Floor
    Chicago, Illinois 60604
    (312) 762-9450
    thudson@tdrlawfirm.com
    mgaal@tdrlawfirm.com

    *Attorneys for Plaintiff Scott C. Dorey*

By: /s/ Michael D. Haeberle
    Michael D. Haeberle (No. 6309164)
    Jefferey O. Katz (No. 6283209)
    PATTERSON LAW FIRM, LLC
    One N. LaSalle St., Suite 2100
    Chicago, Illinois 60602
    (312) 223-8549
    mhaberle@pattersonlawfirm.com
    jkatz@pattersonlawfirm.com

    *Attorneys for Defendant Larby S. Amirouche*